# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KEN AND CYNTHIA DOMANN,

      **Plaintiffs,**

v.                                            No. CIV 99-0192 LH/JHG

DEBBIE VIGIL, M.D. and CLEVELAND
PARDUE, M.D.,

      **Defendants.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON ORDER TO SHOW CAUSE

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1. This matter is before the Court on the hearing on the Court's Order to Show Cause held on March 9, 2000.

2. On December 16, 1999, the Court held a settlement conference in this case. Prior to the settlement conference, on November 24, 1999, counsel for Defendant Vigil advised the Court she had not authorized settlement of the case.

3. Plaintiff Cynthia Domann, who resides in Chicago, requested she be allowed to participate in the settlement conference telephonically because of the expense and effort she would incur if required to appear. The Court denied this request because participating by telephone is not conducive to resolving cases. It has been this Court's experience that when all parties, counsel, representatives of insurance companies or those ultimately responsible are present to hear everyone's respective presentations on the case then there can be dialogue which may resolve the case without protracted litigation.

4. The local practice in this district is for the assigned magistrate judge to conduct a settlement conference, which is mandatory. This district's local rule governing settlement conferences mandates that the attorney who will try the case and the party or designated representative with final authority, other than an attorney of record, must attend the settlement conference. See D.N.M.LR-Civ.16.2.

5. Additionally, Fed.R.Civ.P.16(a) and (f) set out the requirement of parties and attorneys with respect to appearances at conferences set by the Court. Pursuant to Rule 16(a), the Court may, in its discretion, direct the attorneys for the parties to appear before it for a conference or conferences before trial for such purposes as facilitating the settlement of the case. Rule 16(f) authorizes the imposition of sanctions for failure to participate in a settlement conference in good faith.

6. Under Rule 16(f) attorney fees are a mandatory component of the sanction unless expressly excepted for specified reasons. *Lillie v. United States of America*, 40 F.3d 1105, 1110 (10th Cir. 1994).

7. In this case, except for the parties' presentation of their respective positions, the parties

could not even get into the settlement conference. That was pretty much the end of it because the threshold $200,000.00 was unavailable under any circumstances. This was due to the fact that Defendant Vigil informed the Court she would not participate in a settlement. See Vigil Aff. ¶¶ 2-9. Because the primary carrier could not commit $200,000.00 of indemnification coverage, the representative of the New Mexico Superintendent of Insurance, who is responsible for all claims under the New Mexico Medical Malpractice Act in excess of $200,000.00, was not able to negotiate any claims. That ended the settlement conference which lasted a total of approximately twenty minutes.

8. Defendant Vigil's position demonstrated a failure to participate in the settlement conference in good faith.

## **RECOMMENDED DISPOSITION**

The Court recommends Defendant Vigil be assessed the following expenses incurred by Plaintiff Cynthia Domann and attorney's fees:

1) Airfare– $675.00;

2) Hotel room– $110.00;

3) Meals– $40.00;

4) Taxi from airport– $20.00;

5) Parking fee at airport in Chicago– $27.00; and

3

6) Attorney's fees– $1000.00 plus gross receipts tax to compensate Plaintiff's counsel for preparing and appearing at the settlement conference and the hearing on the Order to Show Cause.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**