# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KEN and CYNTHIA DOMANN,

    Plaintiffs,

vs.                                      No. CIV 99-192 LH/JHG

DEBBIE VIGIL, M.D.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Objection to Magistrate Judge's Proposed Findings and Recommended Disposition (Docket No. 91), filed May 12, 2000. The Court, having considered the memoranda submitted by the parties and otherwise being fully advised, finds that the objection is well taken and shall be **sustained.** The Magistrate Judge's Proposed Findings and Recommended Disposition shall be **set aside.**

This Court must defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard requires that this Court affirm the Magistrate Judge's ruling unless this Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In this case, the Magistrate Judge found that Defendant Vigil did not participate in the settlement conference in good faith based on Defendant's decision not to authorize settlement. Defendant Vigil had made the decision not to authorize settlement and informed the Magistrate Judge of her decision prior to the settlement conference. Although Defendant attended the settlement conference with her attorney and her insurers as ordered by the Magistrate Judge, her refusal to authorize settlement prevented the insurers from negotiating with Plaintiffs. Consequently, the settlement conference lasted approximately twenty minutes.

The Court disagrees with the Magistrate Judge's finding that Defendant failed to participate in good faith by refusing to authorize settlement. Refusing to authorize settlement is nothing more than refusing to make an offer. The Court cannot sanction a party because she refused to make an offer to pay money. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).

Nor can the Court coerce settlement. *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). It is not the purpose of Rule 16(c)(7) to impose settlement negotiations on unwilling litigants. FED. R. CIV. P. 16 Advisory Committee Notes (1983)(while it is believed that providing a neutral forum for discussion may foster settlement, the rule does not make settlement conferences mandatory because it would be a waste of time in many cases). *See also* FED. R. CIV. P. 16 Advisory Committee Notes, subdivision (c)(9) (1993)("the unwillingness of a party to be available . . . for a settlement conference may be a clear signal that the time and expense involved in pursuing settlement is likely to be unproductive and that personal participation by the parties should not be required").

While the Court does have the power to compel parties to participate in settlement conferences, the minimum required participation is attendance by the party or a representative with

full settlement authority. *See* FED. R. CIV. P. 16(c)("If appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute."); Civil Justice Reform Act of 1990, 28 U.S.C. 473(b)(5)(the court may require that "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference."); *Schwartzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694, 698 (D.N.M. 1996)(district courts have the general inherent power to require a party to have a representative with full settlement authority present, or at least reasonably and promptly accessible, at pretrial conferences)(quoting *In re Stone*, 986 F.2d 898 (5th Cir. 1993)). Defendant Vigil met the minimum participation requirement by being present at the settlement conference with full settlement authority.

One might argue that because she decided before the settlement conference not to authorize settlement, Defendant Vigil did not "come to the bargaining table with an open mind and sincere desire to reach agreement,"[1] thereby subjecting her to sanctions under Rule 16(f) for failure to participate in good faith. While the requirement of good faith bargaining in labor law imposes an "open mind" obligation upon the employer and employee organization,[2] I have found no authority which would impose such an obligation on the parties in this case. Defendant Vigil refused to make an offer and the Court cannot sanction her for that.

Finally, the Court recognizes that "good faith" also encompasses, among other things, "honesty of intention."[3] *See Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1334-35 (5th Cir.

---

[1] Black's Law Dictionary, 693 (6th ed. 1990).

[2] *Id.*

[3] *Id.*

1996)(upholding sanctions imposed on party that participated in the settlement conference but concealed its true position that it never intended to settle the case.  The court would have cancelled the conference had it been informed of the party's position).  Defendant Vigil had decided not to authorize settlement and informed the Court prior to the settlement conference of her intent not to settle.

The Court is left with the definite and firm conviction that imposing sanctions on Defendant Vigil would be a mistake and, therefore, concludes that the Magistrate Judge's proposed finding No. 8 is clearly erroneous.

**IT IS, THEREFORE, ORDERED** that Defendant's Objection to Magistrate Judge's Proposed Findings and Recommended Disposition (Docket No. 91), filed May 12, 2000, is **sustained.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition be **set aside.**

_____
**UNITED STATES DISTRICT JUDGE**